FILED
2008 Mar-11 AM 11:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
MAR 1 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**JENNIFER POINTER, etc.,**

**Plaintiff,**

**v.** **CV 07-PT-1615-M**

**McNEIL-PPC, INC.**

**Defendant.**

'08 CV 536 L JMA

**ORDER**

By consent of parties and pursuant to Title 28 U. S. C. Section 1404(a), this action is transferred to the United States District Court, Southern District of California. This court notes that the parties jointly request that the transferee court consolidate this action with Adrian Alexander Ortiz-Flores, a minor, by Terri Ortiz, as individual consumers and on behalf of all others similarly situated, vs. McNeil PPC, Inc., in the United States District Court, Southern District of California, Case No. 07-cv-0678.

**DONE** and **ORDERED** this the 11th day of March, 2008.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

# CIVIL COVER SHEET

FILED
2007 Sep-07 PM 05:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jennifer Pointer, individually, as Next Friend of Michael Pointer, a Minor

**DEFENDANTS**
McNeil- PPC

(b) County of Residence of First Listed Plaintiff St. Clair
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Craig Lowell/ Wiggins Childs Quinn & Pantazis, LLC
301 19th Street North
Birmingham, Alabama 35203 205-314-050

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another | ☐ 2 | ☒ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury— Med. Malpractice
- ☒ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C §1391- personal injury, unjust enrichment

**VII. REQUESTED IN COMPLAINT:** x CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE 9/6/07 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 3/99)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual and as Next Friend of, MICHAEL POINTER a Minor;** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **JURY DEMAND** |
| **McNEIL-PPC, INC.;** | ) | |
| **Defendant.** | | |

**<u>CLASS ACTION COMPLAINT</u>**
**GENERAL FACTS AND ALLEGATIONS**

1. Plaintiff, Jennifer Pointer, individually and as Next Friend of Michael Pointer, a minor (hereinafter "Plaintiff") is a resident of Alabama living within the Northern District of Alabama. At all times relevant to the allegations brought in this complaint, Plaintiff was a resident of the State of Alabama.

2. Defendant McNeil-PPC, Inc. (Hereinafter "McNeil") operates its home office from Ft. Washington, Pennsylvania, and is registered as a New Jersey corporation. At all times relevant to this action, McNeil conducted business in Alabama, and continues to do business in Alabama. McNeil does not have any registered agent for service filed with the Alabama Secretary of State. Upon information and belief, the amount in controversy exceeds $5,000,000 for

representative Plaintiff and the putative class collectively, by virtue of the combined sales of defendant's Listerine Agent Cool Blue with flavors of "Bubble Blast" and "Glacier Mint". Listerine Agent Cool Blue is a "plaque detecting" mouth rinse marketed for children. McNeil marketed this to children with flavors of "Bubble Blast" and "Glacier Mint". Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d). Defendant maintains its registered agent for process, transacts business and is found within this judicial district.

3. Listerine Agent Cool Blue is a "plaque detecting" mouth rinse marketed for children. McNeil marketed this to children with flavors of "Bubble Blast" and "Glacier Mint". Defendant recalled all lots of the flavors of "Bubble Blast" and "Glacier Mint" for Listerine Agent Cool Blue after the defendant determined that the preservative in the product was inadequate to protect against certain microorganisms. Defendant determined that the product could pose a "significant health risk" to consumers.

4. Plaintiff, her minor child, and the putative class purchased and/or consumed Listerine Agent Cool Blue manufactured by the Defendant McNeil.

5. On or about April 11, 2007, McNeil recalled all Listerine Agent Cool Blue products due to an inadequate preservative in the product that posed significant health risks to children.

6. Defendant McNeil issued a press release instructing all purchasers of Listerine Agent Cool Blue to dispose of the Listerine Agent Cool Blue. Upon information and belief, Defendant further instructed consumers who called the company to dispose of the adulterated mouthwash.

7. Upon information and belief, the product, Listerine Agent Cool Blue, was marketed throughout the United States and was first sold in early 2007.

8. Plaintiff and the putative class did not receive the benefit of the bargain for the purchase of the Defendant's product.

9. Plaintiff's minor child, Michael Pointer, was injured by the Defendant's product. Plaintiff has incurred medical bills and other expenses for her minor child.

10. Upon information and belief, Defendant maintains information and/or data for numerous putative class members relating to injuries incurred from the use of Defendant's products by putative class members.

## CLASS ALLEGATIONS

11. Plaintiff brings this action on behalf of herself and a class of persons similarly situated. Pursuant to Rule 23 of the *Federal Rules of Civil Procedure*, the members of the class (the "Class") are defined as follows: All consumers who have purchased Listerine Agent Cool Blue manufactured by McNeil during the period of January 1, 2007 to the present date. In addition, Subclass "A" includes all consumers during the period beginning on January 1, 2007 and to the present date that were caused to be sickened by the Defendant's adulterated product. Excluded from the Class are Defendant's officers, directors, management and employees, subsidiaries or affiliates.

12. The members of the Class and Subclass A are so numerous that joinder of all members is impracticable. While the exact number of Class and subclass members is unknown to plaintiff at the present time, it is believed to be in excess of 1,000 members.

13. Common questions of law and fact exist as to all members of the Class, including:

(a) Whether Defendants McNeil, and its agents have been unjustly enriched by selling the adulterated product, Listerine Agent Cool Blue, manufactured by McNeil during the period of January 1, 2007 to the present date;

(b) Whether Plaintiff and members of the putative class are entitled to restitution for foregoing the use and enjoyment of the Defendant's product.

(c) Whether Defendants McNeil, and its agents failed to timely warn the public and/or concealed the knowledge of adulterated Listerine Agent Cool Blue manufactured by McNeil during the period of January 1, 2007 to the present date;

(d) Whether Defendants McNeil, and its agents systematically produced and sold Listerine Agent Cool Blue manufactured by McNeil during the period of January 1, 2007 to the present date, that was defective and unreasonably dangerous when put to its intended use;

(e) Whether Defendants McNeil, and its agents systematically produced and sold Listerine Agent Cool Blue products that were not fit for the particular consumption of human beings;

(f) The appropriate relief and/or measure of damages and disgorgement of profit for the manufacture and /or sale of Listerine Agent Cool Blue by the Defendants from January 1, 2007 through the present date.

14. The questions of law and fact common to the members of the Class and Subclass A predominate over any questions which may affect only individual members.

15. Plaintiff will fairly and adequately protect the interests of Class members. Plaintiff has retained counsel who are experienced in consumer litigation, class action litigation and litigation concerning unfair and deceptive trade practices and consumer

protection. Plaintiff has no interests which are adverse to or in conflict with other members of the Class.

16. Class action treatment is the most appropriate method for the unfair and efficient adjudication of the controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would engender.

## COUNT ONE
## RESTITUTION / UNJUST ENRICHMENT

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 16 and further avers as follows:

18. Defendant McNeil has been unjustly enriched through the sale of Listerine Agent Cool Blue manufactured by McNeil . Defendant currently possesses monies that belong to Plaintiff, which were obtained wrongfully, through recklessness, fraud and/or deceptive practices.

19. As a result of Defendant's conduct described above, Plaintiff and the putative class have conferred a benefit on Defendant McNeil and its agents. Defendant

McNeil and its agents have knowledge of this benefit and have voluntarily accepted and retained the benefit conferred on them. Defendant McNeil and its agents, will be unjustly enriched if they are allowed to retain such funds.

20. Plaintiff has been harmed and is entitled to recover from Defendant all funds paid as a result of Defendant's sale of Listerine Agent Cool Blue manufactured by McNeil and resulting unjust enrichment. The plaintiff purchased the Listerine Agent Cool Blue product manufactured by the defendant when they would not have done so otherwise, ingested the Listerine Agent Cool Blue product and has sustained injury, including but not limited to, mental anguish and anxiety and incidental damages in replacing the product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against defendant McNeil for compensatory damages in an amount to be determined by a jury.

## COUNT TWO
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

21. Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 20 and further avers as follows:

22. Plaintiff avers that Defendant McNeil and its agents breached their implied warranty of merchantability.

23. Specifically, the Plaintiff avers that defendant was a merchant or seller of the Listerine Agent Cool Blue, and that they did place and/or sell said products into the stream of commerce. The Plaintiff further avers that said Listerine Agent Cool Blue products were used by the Plaintiff for the ordinary purpose for which such Listerine Agent Cool Blue products are used. The Listerine Agent Cool Blue products were defective, or unmerchantable, i.e., not fit for the ordinary purpose for which the products are used. The defect or defects in said products proximately caused damage and injury to the Plaintiff and putative class.

24. As the proximate result of the breach of the implied warranty of merchantability, the plaintiff has been injured as follows: The plaintiff and her minor child purchased and ingested said Listerine Agent Cool Blue manufactured by McNeil and have sustained injury, including but not limited to, sickness, medical bills, mental anguish and anxiety.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against defendant McNeil for compensatory damages and punitive damages in an amount to be determined by a jury.

**COUNT THREE**

**BREACH OF IMPLIED WARRANTY OF FITNESS**

25. Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 24 and further avers as follows:.

26. Defendant McNeil, and its agents sold the above-described Listerine Agent Cool Blue products. At the time of the sale of said Listerine Agent Cool Blue products, the defendants knew, or had reason to know, of a particular purpose for which the products were to be used. At the time of the manufacture, sale of said products, the defendant had reason to know that the purchaser was relying on the skill and judgement of the defendant to select or furnish a suitable product for the intended use. At the time of the sale of the Listerine Agent Cool Blue products, the defendant exercised skill and judgement in the selection of the product, and the Plaintiff purchaser relied thereon. The Listerine Agent Cool Blue products were used by the plaintiff for the particular purpose which selection had been made by said defendants. The Listerine Agent Cool Blue products were not, however, reasonably fit or suitable for the use as a mouthwash and/or oral hygiene product, for which they were selected by the Plaintiff.

27. The failure of defendant McNeil to select a product which was reasonably safe for its intended use proximately caused injuries and damages to the plaintiff, as follows: The Plaintiff and her minor child purchased and ingested said

Listerine Agent Cool Blue manufactured by McNeil and have sustained injury, including but not limited to, sickness, medical bills, mental anguish and anxiety.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against defendant McNeil for compensatory damages and punitive damages in an amount to be determined by a jury.

**COUNT FOUR**
**NEGLIGENCE**

28. Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 27 and further avers as follows:.

29. Defendants McNeil and its agents, were negligent with regard to their conduct described above, and the conduct of said defendants combined and concurred to proximately cause the injuries and damages sustained by the Plaintiff and putative class, described below.

30. Defendant McNeil and its agents were negligent in their development, manufacturing, marketing and selling of the Listerine Agent Cool Blue manufactured by McNeil . Moreover, Defendant McNeil and its agents were negligent in their testing of the Listerine Agent Cool Blue manufactured by McNeil and were negligent in their labeling of said product, and in their dissemination of inaccurate and/or inadequate

information to the public who were purchasing said Listerine Agent Cool Blue products.

31. As the result and the proximate consequence of the negligence of the defendant, the Plaintiff were injured and damaged as follows: The Plaintiff purchased the Listerine Agent Cool Blue product manufactured by the defendant McNeil when they would not have done so otherwise, ingested the Listerine Agent Cool Blue product and has sustained injury, including but not limited to, sickness, medial bills, mental anguish and anxiety and incidental damages in replacing the product.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against defendant McNeil for compensatory damages and punitive damages in an amount to be determined by a jury.

**PLAINTIFF REQUESTS TRIAL BY JURY**

RESPECTFULLY SUBMITTED,

Dennis G. Pantazis
Craig L. Lowell
WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

Jeff S. Daniel
LAW OFFICE OF JEFF S. DANIEL, P.C.
P.O. Box 131323
Birmingham, AL 35213
Phone: (205) 531-1287

Attorneys for Plaintiff

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AS FOLLOWS:**

McNeil, PPC, Inc.
CT Corporation
1515 Market Street, Suite 1210
Philadelphia, PA 19102

FILED
2007 Sep-12 PM 05:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a Minor;** | ) | **Summons** **(Issued pursuant to Rule 4 of the Federal Rules of Civil Procedure or other appropriate laws)** |
| **Plaintiffs** | ) | |
| **McNEIL-PPC, INC.;** | ) | **CIVIL ACTION CASE NUMBER:** |
| **Defendant.** | ) | CV-07-PT-1615-M |

TO DEFENDANT McNEIL-PPC, INC.
CT Corporation
1515 Market Street, Suite 1210
Philadelphia, PA 19102

You are hereby summoned and required to serve upon plaintiff's attorney(s):
Craig L. Lowell, of Wiggins, Childs, Quinn & Pantazis,LLC whose address is 301 19th Street North, Birmingham, Alabama 35203

a response to the complaint which is herewith served upon you, within 20 days after service of the summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.** A signed copy of your response MUST also be filed with the court.

DATE: 9-12-07

SHARON HARRIS, CLERK

By: [signature]
Deputy Clerk

SEE REVERSE SIDE FOR RETURN

(SEAL OF COURT)

NOTE: A separate summons must be prepared for each defendant.

CLERK, U. S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
1729 5th Avenue North
Birmingham, Alabama 35203

FILED

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

McNeil, PPC, Inc.
CT Corporation
1515 Market Street, Suite 1210
Philadelphia, PA 19102

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature N.D. OF ALABAMA
x N. Armstrong ☐ Agen ☐ Add

B. Received by (*Printed Name*) N. ARMSTRONG
C. Date of D 9/18/

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merch
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ■ Yes

2. Article Number (*Transfer from service la*bel) 7004 1160 0001 9645 3652

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-

UNITED STATES POSTAL SERVICE

PHILADELPHIA PA 191
18 SEP 2007 PM 3 1

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Clerk of U. S. District Court,
Northern District of Alabama
1729 5th Avenue North,
Birmingham, Alabama 35203

CV-07-PT-1615-M

N.D. OF ALABAMA
U.S. DISTRICT COURT
2007 SEP 21 PM 4:51

FILED

+2037

FILED
2007 Oct-02 AM 11:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor, | ) | |
| Plaintiff | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| McNEIL-PPC, INC., | ) | CV-07-PT-1615-M |
| Defendant. | ) | |

**JOINT MOTION FOR EXTENSION OF TIME IN WHICH TO ANSWER**

COME NOW THE PARTIES in the above entitled matter, by and through the undersigned counsel, and file this Joint Motion for Extension of Time In Which to Answer the Complaint. The parties respectfully request the Court enter its Order granting the Defendant an additional thirty (30) days from October 8, 2007, to file its Answer.

As grounds therefore, the parties respectfully show unto the Court that the plaintiff brings this action on behalf of herself and a nationwide class of persons similarly situated who claim against the defendant in connection with a product the defendant recalled from the market. Undersigned counsel have initiated informal discussions which will be promoted by the entry of the proposed Order granting the extension of time.

WHEREFORE, premises considered, Plaintiff and Defendant request this Honorable Court enter its Order granting Defendant an additional thirty (30) days from October 8, 2007, to respond to the Plaintiff's Complaint.

Date: October 2, 2007

Wiggins, Childs, Quinn & Pantazis, LLC

By: s/Craig L. Lowell
Dennis G. Pantazis
Craig L. Lowell
Attorneys for Jennifer Pointer

Date: October 2, 2007

Johnston Barton Proctor & Rose LLP

By: s/James C. Barton Jr.
James C. Barton Jr.
Lee M. Pope
Attorneys for McNeil-PPC, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor, | ) | |
| Plaintiff | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| McNEIL-PPC, INC., | ) | CV-07-PT-1615-M |
| Defendant. | ) | |

**ORDER**

Plaintiff Jennifer Pointer, an Individual and as Next Friend of Michael Pointer, on behalf of others similarly situated, and Defendant McNeil-PPC, Inc., through their respective counsel of record in this action, agree to an extension of thirty (30) days from October 8, 2007, for Defendant McNeil-PPC, Inc. to file an Answer to the Complaint.

IT IS SO ORDERED.

Dated:________________ ________________________________
United States District Judge

Copy To:
Dennis G. Pantazis
Craig L. Lowell
James C. Barton Jr.

FILED
2007 Oct-02 AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor, | ) | |
| Plaintiff | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| McNEIL-PPC, INC., | ) | CV-07-PT-1615-M |
| Defendant. | ) | |

**JOINT MOTION FOR ENTRY OF**
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto acting through their respective counsel of record in this action, that a protective order shall be entered in this action.

The parties hereto have further stipulated and agreed that the protective order shall include the terms and conditions set forth in the [Proposed] Stipulated Protective Order submitted in this action.

THEREFORE, the parties hereto jointly and respectfully request that this Court approve the [Proposed] Stipulated Protective Order submitted in this action.

Dated:___________, 2007

Wiggins, Childs, Quinn & Pantazis, LLC

By:s/Craig L. Lowell
Dennis G. Pantazis
Craig L. Lowell
Attorneys for Jennifer Pointer

Dated:__________, 2007

Johnston Barton Proctor & Rose LLP

By:s/James C. Barton Jr.
James C. Barton Jr.
Lee M. Pope
Attorneys for McNeil-PPC, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor, | ) ) ) ) | |
| Plaintiff | ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| McNEIL-PPC, INC., | ) ) | CV-07-PT-1615-M |
| Defendant. | ) | |

**JOINT MOTION FOR ENTRY OF**
**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiff Jennifer Pointer, an Individual and as Next Friend of Michael Pointer, on behalf of others similarly situated, and Defendant McNeil-PPC, Inc., through their respective counsel of record in this action, hereby agree to a protective order containing the following terms and conditions:

1. Certain information, documents and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure, or voluntarily produced by a party in this action, may include confidential information of the party from which discovery is sought. Information, documents and other things, which are otherwise not objectionable, shall be produced, whether voluntarily or in response to formal discovery, subject to this Protective order (the "Order").

2. Any of the parties producing Discovery material in this litigation may designate Discovery Material produced by it/him/her as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” under the terms of this Order. These designations shall be limited to information which the disclosing party in good faith believes contains or reveals confidential, proprietary or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” includes all non-public materials, including, but not limited to, materials constituting or containing information reflecting or related to: financial or business plans, strategies or projections; sales and revenue statistics, strategies or expressions of interest; proposed strategic transactions or other business combinations, partnerships or joint ventures; trade secrets; proprietary technical information; business and marketing plans and strategies; studies or analyses; costs of goods and services; pricing of goods and services, financial results or data; or personal financial information. A party may designate Discovery Material as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” that it believes contains or refers to trade secrets or other confidential research development, business or financial information or other confidential commercial information, that, if disclosed, could cause significant competitive or other injury.

3. Discovery Material that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public or in connection with any other litigation.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigation, provided that such disclosure may solely be for use in accordance with this Order; (b) clients; (c) potential or actual witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in this litigation; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (g) authors or recipients of documents or persons referred to in any document; and (h) any other person only upon order of the court or upon stipulation of the producing party.

5. Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized or otherwise

communicated or made available in whole or in part to the following persons: (a) in-house counsel for the parties and outside attorneys who represent parties in this litigation and whose law firm has entered an appearance in this litigation; (b) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the litigation; (c) witnesses deposed who are within the control of the producing party or are represented by counsel for the producing party; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (f) authors or recipients or documents or persons referred to in any document; and (g) any other person only upon order of the Court or upon stipulation of the producing party.

6. The designation of Discovery Material as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” shall be so designated by affixing the legend, as appropriate, of “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” to each page containing any “Confidential” or “Highly Confidential – Attorneys’ Eyes Only” Discovery Material. Affixing the appropriate legends on the cover of any multi-page document which is bound, stapled or otherwise securely attached shall designate all pages of the document as “Confidential” or “Highly Confidential – Attorneys’ Eyes Only,” unless otherwise indicated by the producing party.

7. If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" or "Highly Confidential – Attorneys Eyes Only" without such designation, the producing party may subsequently designated such Discovery Material as "Confidential" or "Highly Confidential – Attorneys Eyes Only" by delivering written notice of such designation to the other parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only for purposes of this Order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential –

Attorneys' Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the litigation shall be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition without further order of the Court.

9. "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material may be provided to persons listed in paragraphs 4 and 5 above, provided that such individuals are using said "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material solely in connection with this litigation and *provided further* that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A.

10. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be filed under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Highly Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" or

"Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" clearly marked thereon.

11. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

12. In the event that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is used in any court proceeding in this action, it shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such court proceedings.

13. The parties to the litigation agree that the production of any Discovery material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

14. In the event that additional parties join or are joined in the litigation, they shall not have access to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

15. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

16. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Order, unless otherwise ordered by the Court. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order or to seek any relief from this Court.

17. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "Highly Confidential – Attorneys' Eyes Only" Discovery Material except in accordance with the terms of this Order.

18. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after

the execution of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and person shaving received "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party; or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person. Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss or analyze "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with Court, and this Order shall remain in force with respect to such material.

20. This Agreement shall be binding upon and for the benefit of the undersigned parties, their successors and assigns.

This Order is not binding on the Court or Court personnel. The Court may amend this Order at any time.

IT IS SO ORDERED.

Dated:________________ ________________________________

United States District Judge

**EXHIBIT A**

**ASSURANCE OF COMPLIANCE**

I, ____________________, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at in the City/County of ________________, and State of _____ ______.

I have read the annexed Protective Order ("Order") dated ___________ ______, 2007, in the action entitled Jennifer Pointer, as an Individual and Next Friend of Michael Pointer, a minor, Case Number CV-07-PT-1615-M, which is currently pending in the United States District Court for the Northern District of Alabama, Middle Division.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order; and I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this litigation, any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I consent to the jurisdiction of the United States District Court of the Northern District of Alabama for the purpose of enforcing said Order, enjoining

any anticipated violation of the Order or seeking damages for the breach of said Order.

____________________________________
(Signature)

FILED
2007 Oct-03 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor,** | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | **CIVIL ACTION NUMBER** |
| **McNEIL-PPC, INC.,** | ) | **CV-07-PT-1615-M** |
| **Defendant.** | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Jennifer Pointer, an Individual and as Next Friend of Michael Pointer, on behalf of others similarly situated, and Defendant McNeil-PPC, Inc., through their respective counsel of record in this action, hereby agree to a protective order containing the following terms and conditions:

1. Certain information, documents and other things ("Discovery Material") discovered from a party under the Federal Rules of Civil Procedure, or voluntarily produced by a party in this action, may include confidential information of the party from which discovery is sought. Information, documents and other things, which are otherwise not objectionable, shall be produced, whether voluntarily or in response to formal discovery, subject to this Protective order (the "Order").

2. Any of the parties producing Discovery material in this litigation may designate Discovery Material produced by it/him/her as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the terms of this Order. These designations shall be limited to information which the disclosing party in good faith believes contains or reveals confidential, proprietary or commercially sensitive information that requires the protections provided by this Order. For purposes of this Order, Discovery Material that may be designated "Confidential" or "Highly

Confidential – Attorneys' Eyes Only" includes all non-public materials, including, but not limited to, materials constituting or containing information reflecting or related to: financial or business plans, strategies or projections; sales and revenue statistics, strategies or expressions of interest; proposed strategic transactions or other business combinations, partnerships or joint ventures; trade secrets; proprietary technical information; business and marketing plans and strategies; studies or analyses; costs of goods and services; pricing of goods and services, financial results or data; or personal financial information. A party may designate Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that it believes contains or refers to trade secrets or other confidential research development, business or financial information or other confidential commercial information, that, if disclosed, could cause significant competitive or other injury.

3. Discovery Material that is designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and any documents or information derived therefrom, shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public or in connection with any other litigation.

4. Discovery Material designated "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons: (a) outside and in-house counsel who represent a party in this litigation, and the regular and temporary employees and service vendors of such counsel assisting in the conduct of the litigation, provided that such disclosure may solely be for use in accordance with this Order; (b) clients; (c) potential or actual witnesses or deponents and their counsel, during the course of, or, to the extent necessary in preparation for, depositions, testimony or trial in this litigation; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (g) authors or

recipients of documents or persons referred to in any document; and (h) any other person only upon order of the court or upon stipulation of the producing party.

5. Discovery Material designated "Highly Confidential – Attorneys' Eyes Only" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part to the following persons: (a) in-house counsel for the parties and outside attorneys who represent parties in this litigation and whose law firm has entered an appearance in this litigation; (b) experts or consultants and their employees and/or staff members engaged to assist counsel for a party in the litigation; (c) witnesses deposed who are within the control of the producing party or are represented by counsel for the producing party; (d) the Court; (e) court reporters employed by the Court or in connection with the litigation; (f) authors or recipients or documents or persons referred to in any document; and (g) any other person only upon order of the Court or upon stipulation of the producing party.

6. The designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be so designated by affixing the legend, as appropriate, of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. Affixing the appropriate legends on the cover of any multi-page document which is bound, stapled or otherwise securely attached shall designate all pages of the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," unless otherwise indicated by the producing party.

7. If the producing party inadvertently produces Discovery Material that it considers to be "Confidential" or "Highly Confidential – Attorneys Eyes Only" without such designation, the producing party may subsequently designated such Discovery Material as "Confidential" or "Highly Confidential – Attorneys Eyes Only" by delivering written notice of such designation to the other

parties within a reasonable period after becoming aware of the inadvertent failure to designate such Discovery Material, with the effect that such Discovery Material will thereafter be subject to the protections afforded by this Order. The initial failure to designate information in accordance with this Order shall not be deemed a waiver of confidentiality.

8. In the case of depositions or other pretrial testimony, the designation of Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only for purposes of this Order shall be made (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice sent by counsel to all parties within twenty (20) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. All deposition transcripts and other pretrial testimony shall be treated as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the twentieth business day after receipt by counsel of a copy of the transcript thereof. Thereafter, only those portions of the transcripts designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the litigation shall be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition without further order of the Court.

9. "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material may be provided to persons listed in paragraphs 4 and 5 above, provided that such individuals are using said "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material solely in connection with this litigation and *provided further* that such individuals sign a nondisclosure agreement in the form of the Assurance of Compliance at Exhibit A.

10. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Order, or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be filed under seal with a copy of the title page attached to the front of the sealed envelope or container and the label "Highly Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" or "Confidential – Subject to Protective Order dated [INSERT DATE OF ORDER]" clearly marked thereon.

11. If information subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to such party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled.

12. In the event that any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is used in any court proceeding in this action, it shall not lose its status as "Confidential" or "Highly Confidential – Attorneys' Eyes Only Discovery Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any such court proceedings.

13. The parties to the litigation agree that the production of any Discovery material by any non-party to the litigation shall be subject to and governed by the terms of this Order, and a party may designate as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

14. In the event that additional parties join or are joined in the litigation, they shall not

have access to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any materials produced by a non-party if such designation is appropriate under this Order.

15. The provisions of this Order shall become effective upon its entry by the Court or an alternative thereto that is satisfactory to the parties; however, all material produced and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in the manner prescribed herein prior to the effective date of this Order shall be subject to, and governed by, its provisions as though entered by the Court.

16. If any third party serves a subpoena or other process or request seeking to review any information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the party to whom the demand is made (the "Recipient") shall inform the producing party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Order, unless otherwise ordered by the Court. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order or to seek any relief from this Court.

17. Nothing in this Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this litigation and, in the course thereof, from relying upon the examination of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "Highly Confidential – Attorneys' Eyes Only" Discovery Material except in accordance with the terms of this Order.

18. Nothing in this Order, nor the production of any information or document under the

terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order shall survive the final termination of this action, to the extent that the information contained in "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder. Within sixty (60) calendar days after the execution of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and person shaving received "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material shall dispose of all such material either by (i) returning such material to counsel for the producing party; or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person. Upon request, the parties and their counsel shall separately provide written certification to any producing party making the request that such disposal has been completed. Outside counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss or analyze "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing party, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing party. The "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material kept by counsel pursuant to this paragraph shall be

maintained in accordance with the terms of this Order. Unless otherwise agreed, outside counsel for each party may retain archival copies of all "Confidential" or "Highly Confidential – Attorneys' Eyes Only" Discovery Material marked as an exhibit during a deposition, used at a hearing or at trial, or filed with Court, and this Order shall remain in force with respect to such material.

20. This Agreement shall be binding upon and for the benefit of the undersigned parties, their successors and assigns.

This Order is not binding on the Court or Court personnel. The Court may amend this Order at any time.

IT IS SO ORDERED.

Dated: October 3, 2007

**Robert B. Propst**
**Senior United States District Judge**

**EXHIBIT A**

**ASSURANCE OF COMPLIANCE**

I, ____________________, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at in the City/County of ______________, and State of ______________________.

I have read the annexed Protective Order ("Order") dated ___________, 2007, in the action entitled Jennifer Pointer, as an Individual and Next Friend of Michael Pointer, a minor, Case Number CV-07-PT-1615-M, which is currently pending in the United States District Court for the Northern District of Alabama, Middle Division.

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order; and I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this litigation, any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

I consent to the jurisdiction of the United States District Court of the Northern District of Alabama for the purpose of enforcing said Order, enjoining any anticipated violation of the Order or seeking damages for the breach of said Order.

_____________________________________
(Signature)

FILED
2007 Oct-31 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual and as Next Friend of, MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

## JOINT MOTION FOR ENTRY OF QUALIFIED HIPAA PROTECTIVE ORDER

The parties jointly move the Court to enter a Qualified HIPAA Protective Order, a copy of which is attached hereto as Exhibit A, to enable counsel to communicate and to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

The parties have agreed to be bound by the terms of the Qualified HIPAA Protective Order attached hereto as Exhibit A.

Respectfully submitted,

s/ Craig L. Lowell

Dennis G. Pantazis
Craig L. Lowell

Attorneys for Plaintiff

WIGGINS, CHILDS, QUINN
& PANTAZIS, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

s/ James C. Barton, Jr.

James C. Barton, Jr.
Alan D. Mathis

Attorneys for Defendant
Smith & Nephew, Inc.

JOHNSTON BARTON PROCTOR
& ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
(205) 458-9400

W0622016.DOC

FILED
2007 Oct-31 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual, and as Next Friend of MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

**QUALIFIED HIPAA PROTECTIVE ORDER**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.

This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512 (e)(1)(i).

The parties are expressly prohibited from using or disclosing the Protected Health Information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such Protected Health Information was obtained or to destroy the Protected Health Information (including all copies made), immediately upon conclusion of this action. See 45 C.F.R. § 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this _________ day of ________________, 2007.

________________________________
United States District Judge

W0622026.WPD

FILED
2007 Oct-31 PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual, and as Next Friend of MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

**QUALIFIED HIPAA PROTECTIVE ORDER**

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this Court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action, as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or

subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512 (e)(1)(i).

The parties are expressly prohibited from using or disclosing the Protected Health Information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such Protected Health Information was obtained or to destroy the Protected Health Information (including all copies made), immediately upon conclusion of this action. See 45 C.F.R. § 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this 31st day of October, 2007.

Robert B. Propst

Robert B. Propst
Senior United States District Judge

W0622026.WPD

FILED
2007 Nov-07 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual, and as Next Friend of MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

**ANSWER TO CLASS ACTION COMPLAINT**

Defendant McNeil-PPC, Inc. ("Defendant") responds to Plaintiff's Class Action Complaint ("Complaint") in this action as follows:

**General Facts and Allegations**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant admits that it is organized under the laws of the State of New Jersey, that it conducts business from an office in Ft. Washington, Pennsylvania, and that it conducts business in Alabama. Defendant admits that Listerine® Agent Cool Blue™ was a plaque-detecting mouth rinse with flavors of Bubble Blast™ and Glacier Mint™, but denies that it was

marketed only to or for children. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that Listerine® Agent Cool Blue™ was a plaque-detecting mouth rinse with flavors of Bubble Blast™ and Glacier Mint™, but denies that it was marketed only to or for children. Defendant admits that it recalled all lots of the Glacier Mint™ and Bubble Blast™ flavors of Listerine® Agent Cool Blue™ after Defendant determined that the preservative system was not adequate against certain microorganisms. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same.

5. Defendant admits that on or about April 11, 2007, it recalled all lots of the Glacier Mint™ and Bubble Blast™ flavors of Listerine® Agent Cool Blue™ after Defendant determined that the preservative system was not adequate against certain microorganisms. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that it issued a press release in which it advised consumers to discontinue using the product and to properly discard

the product. Defendant admits that when consumers called Defendant about the product, they were given the same information contained in the press release. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Listerine® Agent Cool Blue™ was marketed throughout the United States, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

**Class Allegations**

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except that it admits that Plaintiff purports to represent a class of persons.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. The statements contained in Paragraph 13 and its subparts are legal contentions and conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint, including subparts.

14. The statements contained in Paragraph 14 are legal contentions and conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, therefore, denies the same.

16. The statements contained in Paragraph 16 are legal contentions and conclusions that do not require a response. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

**Count One**
**Restitution / Unjust Enrichment**

17. Defendant incorporates by reference its answers to the allegations contained in Paragraphs 1 through 16 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph following Paragraph 20 of the Complaint.

## Count Two
## Breach of Implied Warranty of Merchantability

21. Defendant incorporates by reference its answers to the allegations contained in Paragraphs 1 through 20 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits to selling Listerine® Agent Cool Blue™. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 23 and, therefore, denies the same. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph following Paragraph 24 of the Complaint.

**Count Three**
**Breach of Implied Warranty of Fitness**

25. Defendant incorporates by reference its answers to the allegations contained in Paragraphs 1 through 24 of the Complaint.

26. Defendant admits to selling Listerine® Agent Cool Blue™. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph following Paragraph 27 of the Complaint.

**Count Four**
**Negligence**

28. Defendant incorporates by reference its answers to the allegations contained in Paragraphs 1 through 27 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph following Paragraph 31 of the Complaint.

**Preamble to Affirmative Defenses**

Defendant, by its counsel, pleading in the affirmative and without prejudice to its other pleadings, states the following defenses. By virtue of asserting these additional defenses, Defendant does not assume any burden of proof not otherwise legally assigned to it.

Defendant reserves the right to rely upon any of the following or any additional defenses to each claim for relief asserted by Plaintiff to the extent such defenses are supported by information developed through discovery or by evidence at trial.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted against Defendant.

**Second Affirmative Defense**

Plaintiff lacks standing to assert claims because Plaintiff is not the real party in interest.

**Third Affirmative Defense**

Plaintiff is estopped from asserting any claims against Defendant because, by way of illustration and not limitation, Plaintiff benefited from use of the subject product.

**Fourth Affirmative Defense**

Plaintiff has sustained no damages as a result of any action or inaction on the party of Defendant.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were not legally or proximately caused by any acts or omissions of Defendant.

**Sixth Affirmative Defense**

This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**Seventh Affirmative Defense**

Plaintiff has failed to mitigate her damages, if any.

**Eighth Affirmative Defense**

Each cause of action alleged in the Complaint is speculative and premature so that there is no justiciable controversy presented before this Court at this time for adjudication.

**Ninth Affirmative Defense**

Any breach of warranty claims are barred because Plaintiff failed to give timely notice of any alleged breach of warranty to Defendant; Plaintiff did not reasonably rely upon any alleged warranty; Plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

**Tenth Affirmative Defense**

Plaintiff's damages, if any, were caused, in whole or in part, by Plaintiff's own contributory negligence, and are therefore barred.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's assumption of the risk.

**Twelfth Affirmative Defense**

Any verdict or judgment rendered against Defendant must be reduced by those amounts that have been, or will be, with reasonable certainty, paid to replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source.

**Thirteenth Affirmative Defense**

All or some of Plaintiff's claimed expenses have been or will be paid by Plaintiff's insurance carrier, and Plaintiff is not entitled to recover said expenses pursuant to § 12-21-45 and/or § 6-5-522 of the Alabama Code.

**Fourteenth Affirmative Defense**

Some or all of the injuries alleged in the Complaint were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions, by an idiosyncratic reaction, operation or nature, or act of God, for which Defendant is not responsible.

**Fifteenth Affirmative Defense**

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United states of America on grounds including the following:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g) The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution; and

(h) The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law.

**Sixteenth Affirmative Defense**

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards including, but not limited to, those standards of limitation which arose in *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 530 U.S. 408 (2003); and *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

**Seventeenth Affirmative Defense**

Punitive damages awards in Alabama are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate state interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of the Fifth and Fourteenth Amendments to the United States

Constitution, as well as those of Article I, Sections 1, 6, and 22 of the Alabama Constitution. Therefore, Plaintiff cannot recover punitive damages.

**Eighteenth Affirmative Defense**

Plaintiff's claims for punitive damages are barred by § 6-11-20 and § 6-11-27 of the Alabama Code.

**Nineteenth Affirmative Defense**

Defendant affirmatively pleads and avers the protections afforded to it by § 6-11-21 of the Alabama Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

WHEREFORE, Defendant McNeil-PPC, Inc., requests that Plaintiff's Class Action Complaint, and all claims alleged therein, be dismissed with prejudice, that Defendant be awarded the costs, disbursements, and attorneys' fees incurred in the defense of this action, and that Defendant be granted any other relief to which it may be entitled.

s/ James C. Barton, Jr.
James C. Barton, Jr. (BAR014)
Bar Number: ASB-0237-B51J
Email: jbartonjr@johnstonbarton.com

s/ Alan D. Mathis
Alan D. Mathis (MAT052)
Bar Number: ASB-8922-A59M
Email: adm@johnstonbarton.com

Attorneys for Defendant
McNeil-PPC, Inc.

**JOHNSTON BARTON PROCTOR & ROSE LLP**
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, Alabama 35209
Telephone: (205) 458-9400
Facsimile: (205) 458-9500

**OF COUNSEL**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the above and foregoing with the Clerk of the Court on November 7, 2007, using the CM/ECF system, which will send notification of such filing to the following:

Dennis G. Pantazis, Esq.
Craig L. Lowell, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
301 19th Street North
Birmingham, Alabama 35203

s/ Alan D. Mathis
Of Counsel

W0621908.DOC

FILED
2007 Nov-08 AM 10:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, etc.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CV 07-PT-1615-M** |
| | ) | |
| **McNEIL-PPC, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ALND UNIFORM INITIAL ORDER GOVERNING ALL FURTHER PROCEEDINGS

***PLEASE TAKE NOTICE:***

**All parties must thoroughly review the provisions of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.**[1]

## I. DUTIES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE LR26.1(d)

The parties are reminded of their obligations under Federal Rule of Civil Procedure 26(f) and Local Rule LR26.1(d)[2] to confer, as soon as practicable, but in no event later than forty-five (45) days from the first appearance of a defendant, for the purposes of considering the nature and basis of their claims and defenses; the

---

[1] By appearing in this case and practicing in this court, each attorney or pro se party certifies to this court that he or she has read and is prepared to fully comply with this court's local rules.

[2] The Local Rules of this court may be accessed at http://www.alnd.uscourts.gov.

possibilities for a prompt settlement or resolution of the case; to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1); to develop a proposed discovery plan that indicates the parties' views and proposals concerning all of the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f); and in appropriate cases, to consider whether to consent to the exercise of Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

If the parties are unable to agree upon a date, time, or place for such conference, the parties are hereby ORDERED to meet at 10:00 a.m. on the last Friday falling within the forty-five day period specified in LR 26.1(d)(2) in the chambers of the undersigned judge. If use of the court's chambers is required, counsel should telephone chambers at least seven days prior to the required meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests upon counsel for the opposing party.

**A. Form of Report**

The court expects a report of the parties' planning meeting, in the general format of the USDC ND Ala. Form 35 or Fed. R. Civ. P. Appendix Form 35 to be jointly filed with the Clerk of Court by the parties within fourteen (14) days after the meeting. Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

The report also should contain a synopsis of the case advising the court of the general claims and defenses of the parties. When preparing the report, be aware that the case should be ready for trial within twelve (12) months from the date of service of the complaint unless extraordinary circumstances exist. Note that the burden lies on the parties to explain why the case cannot be tried within that time frame.

Upon receipt of the report, the court may enter a scheduling order without conducting a separate Rule 16(b) scheduling conference. The parties should notify the court if they believe a Rule 16(b) conference is necessary.

**B. Compliance with HIPAA**

In accordance with the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated thereto, when "protected health information" is relevant to the claims or defenses presented in an action, the party seeking such "protected health information" shall present a valid authorization at the Rule 26 planning meeting to be executed by the party from whom such "protected health information" is sought. The parties shall include in their report a deadline (specific date) by which the authorization will be executed. Alternatively, the parties may present to the court a "qualified protective order" in substantially the form attached to this order as **Appendix I**, to be entered by stipulation of counsel for all parties.

## C. Suitability of Action for Alternative Dispute Resolution

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.

If any party thinks that a settlement conference with the court at any stage would be conducive to settlement, that party may make a written request that the court conduct such a conference. The results of all these discussions shall be included in the report of the parties' planning meeting to be filed with the court.

Each attorney is directed to immediately forward a copy of the Initial Order to his or her client. Plaintiff(s)' attorney(s) are **ORDERED** to immediately discuss the feasibility of settlement with Defendant(s)' attorney(s).

## D. Commencement of Discovery

The parties are authorized to commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 and Local Rule LR26.1 immediately after the required report has been filed. In cases removed from state court in which any discovery requests were filed before such removal, those discovery requests shall be

deemed to have been filed on the date the report required by Fed. R. Civ. P. 26(f) and LR 26.1(d) is filed in this court.

The parties may elect, but are not required, to file discovery notices, requests and responses with the Clerk of Court. Even if the discovery notice or request is filed with the Clerk of Court, the discovery response does not have to be filed. Counsel are reminded to review the court's Administrative Procedures Manuals for electronic filing (on the court's website) for the importance of redacting or sealing personal identifiers (e.g., Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

**E. Dismissal of Non-Served Defendants**

***Take Notice***: Any defendant who has not been served with a summons and complaint within 120 days after the filing of the complaint (or within 120 days after the party was added to the action) *may be dismissed without further order of the court unless* prior to such time the party on whose behalf such service is required shows good cause why service has not been perfected.

**F. Hand Deliveries**

If counsel wishes to provide the court with a courtesy copy of a motion or brief, or if an order of this court requires submission of a copy in addition to the original,

such copy shall be clearly identified as a "courtesy copy" and left in the Clerk's Office for delivery to the court's chambers. All hand deliveries, unless otherwise instructed, are to be made to the Clerk's Office. Fax copies are not accepted.

**G. Electronic Submissions**

Since January 3, 2005, the official record of the court has been the electronic docket maintained pursuant to CM/ECF. Except in extraordinary circumstances, all filings shall be consistent with the court's Administrative Procedures Manuals for civil and criminal cases. Attorneys are required to register for electronic filing and service through the "Attorney Registration" link on the court's website, www.alnd.uscourts.gov. Once an attorney has so registered, his or her registration becomes permanent, and he or she is not required to re-register in each individual case. Documents filed through CM/ECF must be in pdf (Portable Document Format).

As part of the CM/ECF system, the court has established a "chamber's email address" for each judicial officer. The address for the undersigned judge's chambers is chambers@alnd.uscourts.gov. This chambers email address has been established to enable counsel to submit proposed orders or other requested documents to the judge in WordPerfect format, or otherwise to communicate with the judge on **matters directly related to a case**. **Non-case-related communications should NOT be sent to the chambers email address**. Ex parte communications are not acceptable; all

communications to the chambers email address must show a copy to all opposing counsel or pro se parties. Counsel should send communications to the chambers email address only if the court is being requested to do something; counsel should not copy the chambers email address with communications, arguments, debates or other matters occurring solely between counsel.

## II. ATTORNEY FEE SHIFTING CASES

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) seek an award of attorneys' fees from the opposing party pursuant to any statute or other law, the party must, with the exception of cases pending before Judge U.W. Clemon or Judge William M. Acker, Jr., comply with the following requirements as a precondition to any such award:

(a) Counsel must maintain a separate record of time with a complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just “conference” but identity of persons conferring and general subject matter of the conference).

(b) If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above.

(c) Counsel is **DIRECTED** to review and verify all attorney and non-

attorney time records no less than once per month.

(d) Although the court does not require counsel to file a copy of the time records prior to a request for a fee, counsel may file with the clerk of the court either a copy of the time record referred to in (a) above, or a separately prepared document setting forth the information described in (a) above. If counsel elects to file reports, they should be filed by the 15th day of the month following the month in which the work was performed during the pendency of the case. If counsel elects to file time reports, the material filed may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon. However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all attorney fee materials filed under seal.

(e) A Petition for Attorney Fees shall be accompanied by Counsel's Certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.

***Take Notice*: Failure to comply with the foregoing requirements will normally result in attorneys' fees being disallowed.**

## III. CASES THAT REQUIRE EEOC CHARGES

If this case is one in which the filing of a charge of discrimination with the Equal Employment Opportunity Commission or similar agency is required as a prerequisite to suit, then the **PLAINTIFF(S) MUST** file with the Clerk of Court at

the time of filing the disclosures required by Fed. R. Civ. P. 26(a)(1): (**A**) a copy of all charges of discrimination filed with the EEOC and which form the bases of the action; *and* (**B**) a copy of the EEOC's response to all such charges of discrimination filed with that agency, *including* the notice of right to sue.

## IV. MOTION PRACTICE

### A. Summary Judgment Motions

Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order.

### B. Motions (Other than Dispositive Motions and Motions to Remand)

Prior to filing any motion (other than a dispositive motion or a motion to remand) in this case, moving counsel shall contact the opposing counsel and determine if counsel will oppose the motion. All motions SHALL include, in the caption under the case number, a notation that the motion is either "Opposed" or "Unopposed." In addition to the requirements of Fed. R. Civ. P. 37(a)(2)(A), the first paragraph **SHALL** briefly summarize the parties' attempts to resolve the issue(s) and set forth areas of agreement and disagreement.

### C. Motion of Counsel to Withdraw

Once an attorney has appeared as counsel for a party, *he or she may not withdraw from the action merely by filing a* "notice of withdrawal," but must file a

motion seeking permission of the court to do so, explicitly stating the grounds therefor. Any motion to withdraw which, if granted, would leave a party unrepresented by counsel **must** include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to promptly file an objection with the court. The motion **must** also include the notation, "Future notice to (name of party) is to be made at the following address: (state last known address of the party)."

**D. Type Size**

The court requires all documents created by counsel for submission to the court to be in 14 point type, except that footnotes may be in 12 point type.

**DONE** and **ORDERED** this 8th day of November, 2007.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

# APPENDIX I

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
_______DIVISION

| | | |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | CV __________________ |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

QUALIFIED HIPAA PROTECTIVE ORDER

The parties are hereby granted the right, upon compliance with the applicable discovery provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future medical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

This order authorizes any third-party who is provided with a subpoena

requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA. 45 C.F.R. § 164.512(e)(1)(i).

The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. See 45 C. F. R. §§ 163.502(b); 164.512(e)(1)(v).

DONE and ORDERED this ________ day of __________, 2005.

________________________________________

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

# APPENDIX II

## SUMMARY JUDGMENT REQUIREMENTS

**NOTICE**

This exhibit contains specific, mandatory instructions regarding the preparation and submission of briefs and evidentiary materials in support of and in opposition to potentially dispositive motions. **These instructions *must* be followed explicitly**. **Except for good cause shown, briefs and evidentiary materials that do not conform to the following requirements may be stricken**.

## SUBMISSION DATES

The parties to the above-styled action have been or will be given a deadline for the filing of dispositive motions. Any motion for summary judgment and supporting brief and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed. The movant's reply submission shall be filed no later than 11 days after the date on which the opponent's

responsive submission was due.

To ensure that each party is afforded a full and fair opportunity to be heard, the parties *must* cause copies of briefs and evidentiary materials to be delivered to opposing parties without undue delay and, generally, on the same date such materials are submitted to the court.

## SUBMISSIONS

The parties' submissions in support of and opposition to summary judgment motions must consist of: (1) a brief containing, in separately identified sections, (i) a statement of allegedly undisputed relevant material facts and (ii) a discussion of relevant legal authorities; and (2) copies of any evidentiary materials upon which the party relies. More detailed requirements for these submissions are explained in the following sections.

## REQUIREMENTS FOR BRIEFS

### A. Format

Initial and response briefs are limited to thirty pages. Reply briefs are limited to ten pages. Briefs that exceed twenty pages must include a table of contents that accurately reflects the organization of the document. The table of contents is not included in the page limit. The text of briefs must be double spaced (except for

quotations exceeding fifty words, which may be block indented from the left and right margins and single spaced) using fourteen point typeface, preferably Times New Roman.

**B. Number Submitted**

The parties must **file** the original brief with the Clerk of Court. The parties must simultaneously **submit** to the Clerk's Office, for delivery to the court's chambers by the Clerk, an exact copy of the original, clearly identified as a "courtesy copy," together with a virus-free diskette containing an electronic copy of the brief in WordPerfect format. The parties also shall e-mail to the court's chambers such brief in WordPerfect format.

**C. Binding**

The Clerk *will not accept bound materials* for filing, but the court's "courtesy copy" of the brief *must be securely bound* (e.g. by three-ring binder or large clip) for ease of use, *and*, to prevent inadvertent loss of pages. In addition, all pages submitted in the court's "courtesy copy" shall be three-hole punched.

**D. Manner of Stating Facts**

All briefs submitted either in support of or opposition to a motion must begin with a statement of allegedly undisputed relevant material facts set out in *separately numbered paragraphs*. Counsel must state facts in clear, unambiguous, simple,

declarative sentences. All statements of fact must be supported by specific reference to evidentiary submissions.

**1. Moving Party's Initial Statement of Facts**

The moving party shall list in *separately numbered paragraphs* each material fact the movant contends is true and not in genuine dispute, and upon which the moving party relies to demonstrate that it is entitled to summary judgment. Each such statement must be followed by a specific reference to those portions of the evidentiary record that the movant claims supports it.[3]

**2. Opposing Party's Statement of Facts**

Each party opposing a summary judgment motion also must submit a statement of facts divided as follows.

**a. Response to Movant's Statement**

The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed

---

[3] Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph.

by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

**b. Additional Undisputed Facts**

The second section may contain additional, allegedly undisputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The second section of the opposing party's statement of facts, if any, shall be clearly designated as such.[4] The opposing party should include only facts which the opposing party contends are true and not in genuine dispute.

**c. Additional Disputed Facts**

The third section may contain additional, allegedly disputed facts set out in *separately numbered paragraphs* that the opposing party contends require the denial of summary judgment. The third section of the opposing party's statement of facts, if any, shall be clearly designated as such. Each statement of allegedly disputed facts must be followed by specific reference to those portions of the evidentiary record

---

[4]Each statement of fact should be supported by its own evidentiary citation, regardless of the fact that more than one statement of fact allegedly is supported by the same specific reference to the evidentiary record or more than one statement of fact is contained in the same numbered paragraph..

which both support and contradict the alleged fact.[5]

**3. Moving Party's Reply**

The reply submission, if any, shall consist of only the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*

**The court reserves the right *sua sponte* to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**

**REQUIREMENTS FOR EVIDENTIARY MATERIALS**

The parties must file with the Clerk of Court, simultaneously with their briefs,

[5] The court recognizes that, in some circumstances, a party opposing a motion for summary judgment may want to set out facts which that party claims are true and supported by evidence, but cannot, in good conscience and consistent with Rule 11, say are undisputed. In such case, the party should include a separate section of fact statements, set out in short declarative sentences and individually numbered paragraphs, which are supported by some evidence but, nevertheless, are in dispute. When doing so, however, the party should include record citations which both support and contradict the alleged fact.

all evidentiary materials (*e.g.*, affidavits, exhibits, depositions, or other products of discovery) relied upon in support of or opposition to summary judgment motions, except those materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion, without re-submitting additional copies of the same documents.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume the court will consider such materials. A specific reference must include the exhibit number, page, and when appropriate the line number.

**A. Organization**

Each volume of evidentiary materials must include a table of contents that includes a brief narrative description of each document included: *e.g.*, "Plaintiff's Exhibit 1, the Deposition of John Jones." For ease of citation, each affidavit, exhibit, deposition, or other product of discovery must be separately identified by a capital letter or numeral (*i.e.*, "Exhibit A" or "Exhibit 1"); and, if the exhibit contains more

than one page, each page must be separately numbered.[6] **Counsel are directed to submit entire depositions, even if relying only on excerpts.**

Deposition travel transcripts that are submitted as part of the evidentiary record should include no more than four pages of deposition text per 8½" by 11" page.

**B. Number of Sets Submitted**

The parties must **file** one set of evidentiary materials with the Clerk of Court. The parties must simultaneously **submit** to the Clerk of Court, for delivery to the court's chambers by the Clerk, an exact copy of the set of evidentiary materials, clearly identified as a "courtesy copy." Except for the binding, there must be *no differences* between the filed materials and the "courtesy copy."

**C. Binding**

The Clerk *will not accept bound materials* for filing, but the court's copy of the evidentiary submission *must be securely bound* — in separately numbered volumes, if necessary — for ease of use and to prevent inadvertent loss of pages.

---

[6] A reference to that exhibit in the statement of facts or brief might be, "Plaintiff's Ex. 1, p. 41." The court does not, however, require any specific form as long as specific page references are used.

FILED
2007 Dec-19 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

Dennis G. Pantazis
Craig L. Lowell
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
309 19th Street North,
Birmingham, Alabama 35203
(205) 314-0500
*Attorneys for Plaintiff, Jennifer Pointer and Next Friend of Michael Pointer, a minor*

James C. Barton, Jr., Esq. (Bar Number: ASB-0237-B51J)
jbartonjr@johnstonbarton.com
**JOHNSON BARTON PROCTOR & ROSE LLP**
569 Colonial Brookwood Center, Suite 901
Birmingham, AL 35209
(205) 458-9441 (direct dial)
(205) 458-9500 (fax)
*Attorneys for Defendant McNeil-PPC, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual, and as Next Friend of MICHAEL POINTER, a Minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| | ) | |
| **McNEIL-PPC, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT FED. R. CIV. PRO 26(f) REPORT

4906478.2

Wayne S. Kreger
wkreger@maklawyers.com
Bevin Allen
ballen@maklawyers.com
**MILSTEIN, ADELMAN, & KREGER, LLP**
2800 Donald Douglas Loop N
Santa Monica, CA 90405
(310) 396-9600
(310) 396-9635 (Fax)

Harold M. Hewell
hmhewell@hewell-lawfirm.com
**HEWELL LAW FIRM, APC**
402 W. Broadway, 4th Floor
San Diego, CA 92101
(619) 235-6854
(619) 235-9122

Howard M. Rubenstein
howardr@pdq.net)
914 Waters Avenue, Suite 20
Aspen, Colorado 81611
(832) 715-2788 (cell)

*Attorneys for Adrian Alexander Ortiz-Flores, and Terri Ortiz*

Sidney K. Kanazawa (SBN 84608)
skanazawa@mcguirewoods.com
Jia-Ming Shang (SBN 233326)
jshang@mcguirewoods.com
**McGUIREWOODS LLP**
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

David J. Noonan (SBN 55966)
djn@knlh.com
Jill E. Randall (SBN 229680)
jrandall@knlh.com
**KIRBY NOONAN LANCE & HOGE LLP**
600 West Broadway, Suite 1100
San Diego, California 92101-3387
Telephone (619) 231-8666
Facsimile (619) 231-9593

*Attorneys for Defendant McNeil-PPC, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ADRIAN ALEXANDER ORTIZ-FLORES, a minor, by Terri Ortiz, his guardian; TERRI ORTIZ as individual consumers, and on behalf of all others similarly situated,

Plaintiffs,

vs.

MCNEIL-PPC, INC., a New Jersey corporation,

Defendant.

CASE NO. 07 CV 0678 BEN (CAB)

**PLAINTIFFS' AND DEFENDANT'S JOINT FED. R. CIV. PRO. 26(f) REPORT**

**TO THE COURTS, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

This Joint FRCP Rule 26(f) report is submitted for the *Ortiz-Flores v. McNeil-PPC, Inc.*, Case No. 07 CV 0678 BEN (CAB), (S.D. Cal.) ("*Ortiz-Flores*") and *Pointer v. McNeil-PPC, Inc.*, Case No. CV-07-PT-1615-M, (N.D. Ala.) ("*Pointer*") cases.

Plaintiffs in the *Ortiz-Flores* case are referred to herein as "Ortiz-Flores Plaintiffs."

Plaintiffs in the *Pointer* case are referred to herein as "Pointer Plaintiffs."

The Oritz-Flores Plaintiffs and Pointer Plaintiffs are collectively referred to herein as "Plaintiffs."

Defendant McNeil-PCC, Inc. is a defendant in both cases and is referred to herein as "Defendant."

Plaintiffs and Defendant are referred to collectively herein as the "Parties."

1. **FRCP 26(f) Meeting.** On December 4, 2007 and December 13, 2007, the Parties conferred telephonically in accordance with FRCP 26(f). Unless otherwise indicated, the following attorneys attended both calls:

- Howard Rubinstein (for Ortiz-Flores Plaintiffs);
- Harold Hewell (for Ortiz-Flores Plaintiffs);
- Bevin Allen (for Ortiz-Flores Plaintiffs);
- Dennis G. Pantazis (for Pointer Plaintiffs on 12/4/07 call only);
- Craig L. Lowell (for Pointer Plaintiffs on 12/13/07 call only);
- David Noonan (for Defendant in Ortiz-Flores case);
- Sidney K. Kanazawa (for Defendant in Ortiz-Flores case);
- Jia-Ming Shang (for Defendant in Ortiz-Flores case);
- Lee M. Pope (for Defendant in Pointer case);
- James C. Barton, Jr. (for Defendant in Pointer case);
- Alan D. Mathis (for Defendant in Pointer case);
- Jerome A. Swindell (in-house counsel for Defendant on 12/13/07 call

only).

2. **Procedural Facts.** This case arises out of an April 11, 2007 voluntary recall by Defendant of a plaque identifying liquid dental product called Agent Cool Blue (a press release regarding the recall is attached hererto as Exhibit 1). The Ortiz-Flores Plaintiffs filed their class action case against Defendant in the United States District Court for the Southern District of California on April 13, 2007. The Pointer Plaintiffs filed their class action against Defendant in the United States District Court for the Northern District of Alabama on September 6, 2007.

3. **Claimed Class Action Status.** Both the Ortiz-Flores Plaintiffs and Pointer Plaintiffs are seeking class action status in their respective cases.

Plaintiffs claim the following class should be certified by the court:

1) All consumers within the United States who purchased the Agent Cool Blue product.
2) All consumers within the United States who purchased the Agent Cool Blue product who have and/or continue to suffer from personal injuries due to the use of the Product, including those that will require medical monitoring of their injuries.

4. **Claimed Basis of Liability.** Plaintiffs claim Defendant is liable to the class on the following theory:

Defendant's design, testing, manufacture and development of the Agent Cool Blue Product was negligent and/or defective, and that Defendant did not take adequate precautions to ensure the safety of the Product. Defendant has been unjustly enriched by the sale of the defective product.

5. **Defense Position.** Defendant does not agree a class should be certified in either case and does not agree there is a causal connection between the contents of the product and the injuries presented by Plaintiffs.

6. **Pre-Discovery Disclosures.** The Parties will exchange Initial Disclosures pursuant to FRCP 26(a)(1) by December 19, 2007.

7. **Class Certification Motion Date and Court.** The Parties have discussed and tend to agree that a single Class Certification Motion should be heard ***on or before April 28, 2008***. The Parties have not agreed, however, on which court should hear the class certification motion (Alabama or California) or on how the Alabama and California cases should be coordinated for class certification purposes. Plaintiffs have indicated that they need to see Defendant's initial disclosure in order make this determination. Accordingly, the Parties have agreed to a continued joint telephone conference prior to the next status conference in the Ortiz-Flores matter at ***9:00 am Pacific Time on Monday, January 7, 2008*** to discuss this issue further after the initial Rule 26(a)(1) disclosures.

8. **Trial Date.** The Parties have discussed but do not agree on the appropriate date or procedure for trial. Plaintiffs believe trial should commence ***on or before September 1, 2008***. Defendant believes that date is too optimistic for a class action and believes a more realistic date for trial would be in ***March 2009***. The Parties have also not agreed on the appropriate court for trial nor the appropriate procedure for coordinating the Alabama and California case for trial. Plaintiffs have indicated that they need to see Defendant's initial disclosure in order make these determinations. Accordingly, the Parties have agreed to a continued joint telephone conference at ***9:00 am Pacific Time on Monday, January 7, 2008*** to discuss this issue further after the initial Rule 26(a)(1) disclosures.

9. **Discovery Plan.** To avoid overlap and duplication of discovery, the Parties agreed to coordinate discovery in both cases.

a. **Discovery Limitations.** Due to the relatively few named parties involved, the Parties believe that the discovery procedures and limitations provided in the Federal Rules of Civil Procedure will be sufficient.

b. **Protective Order.** Due to the potential for trade secrets and other proprietary information to be produced in discovery, the Parties have agreed to and obtained a protective order from the *Pointer* and *Ortiz-Flores* courts.

c. **Discovery Cut-Off Date.** Due to a lack of agreement on an appropriate date and the procedure to be followed for trial, the Parties did not agree to a cut-off date for discovery.

d. **Maximum Discovery.** Within the coordinated discovery, unless otherwise agreed or ordered by the court, there shall be:

- A maximum of 25 interrogatories by Plaintiffs to Defendant and by Defendant to Plaintiffs with responses due 30 days after service;
- A maximum of 25 requests for admissions by Plaintiffs to Defendant and by Defendant to Plaintiffs with responses due 30 days after service;
- A maximum of 10 depositions by Plaintiffs and 10 depositions by Defendant with each deposition limited to maximum of 7 hours unless extended by agreement of parties.

e. **Expert Reports.** Due to a lack of agreement on the appropriate date for trial, the date for an exchange of reports from retained experts under Rule 26(a)(2) has not yet agreed upon by the Parties.

f. **Supplementing Discovery.** Supplementation of discovery under Rule 26(e) shall be due within 30 days of knowledge of the need to supplement but not later than 30 days before the completion of discovery.

g. **Subjects of Discovery**. The Parties agreed that discovery should be taken on the identity of Defendant's employees involved in the testing of the out-of-spec Agent Cool Blue products, the identity of Defendant's employees who made the decision to initiate a recall, Defendant's investigations into the out-of-spec Agent Cool Blue products, and Defendant's distribution of the Agent Cool Blue product. Defendant contends discovery should be taken regarding the causal connection between any physical injuries and the Agent Cool Blue product and regarding class certification issues. Plaintiffs contend discovery should be taken regarding the FDA's recall and investigation, Defendant's production and testing

processes, including the objects used in the production of this product and other similar products manufactured by Defendant and information regarding the design and manufacture of the initial preservative system utilized in the Agent Cool Blue Product.

h. **Electronic Discovery**. The Parties are investigating the parameters for any electronic discovery in this case.

10. **Other Items.**

a. **Scheduling Conference.** The Parties request a conference with the court before entry of the scheduling order.

b. **Pretrial Conference.** The Parties did not reach an agreement on this date because of the Parties' disagreement on the appropriate date for trial.

c. **Plaintiffs' Joinder/Amendment to Pleadings.** The Parties did not reach an agreement on this date because of the Parties' disagreement on the appropriate date for trial.

d. **Defendant's Joinder/Amendment to Pleadings.** The Parties did not reach an agreement on this date because of the Parties' disagreement on the appropriate date for trial.

e. **Dispositive Motions.** All potentially dispositive motions should be heard no later than 60 days before trial.

f. **Final Witness and Exhibit Lists.** Due to the Parties' disagreement on the appropriate date and court for trial of this coordinated matter, no agreement was reached on these open issues. A further discussion will take place on this issue when we reconvene the Parties' conference call on ***Monday, January 7, 2008 at 9:00 am Pacific Time.***

g. **Objections to Final Witness and Exhibit Lists.** Due to the Parties' disagreement on the appropriate date and court for trial of this coordinated matter, no agreement was reached on these open issues. A further discussion will take place on this issue when we reconvene the Parties' conference call on ***Monday,***

***January 7, 2008 at 9:00 am Pacific Time.***

h. **Expert Discovery**. The Parties did not discuss expert discovery and have agreed to postpone such discussion until our next joint call on ***Monday, January 7, 2008 at 9:00 am Pacific Time.***

i. **ADR**. Plaintiffs have proposed involving former Judge Lourdes G. Baird as a potential mediator in this case. Defendant is not inclined to agree because of the causation gap in this case. The tests and medical records examined to date do not reveal a causal connection between contamination at the factory or the preservatives used in this product and any test or illness disclosed by Plaintiffs.

Dated: December 19, 2007

By: Howard Rubinstein/JMS - per email authority in 12/19/07 email
Howard Rubinstein
Attorneys for Plaintiff Ortiz-Flores.

Dated: December 19, 2007 HEWELL LAW FIRM, PC

By: Harold Hewell/JMS - per email authority in 12/19/07 email
Harold Hewell
Attorneys for Plaintiff Ortiz-Flores.

Dated: December 19, 2007 MILSTEIN, ADELMAN, & KREGER, LLP

By: Bevin Allen/JMS - per email authority in 12/19/07 email
Bevin M. Allen
Attorneys for Plaintiff Ortiz-Flores.

\\
\\
\\
\\
\\
\\

4906478.2

Dated: December 19, 2007

WIGGINS, CHILDS, QUINN & PANTAZIS, LLP

By: Craig Lowell /JMS - per email authority in 12/19/07 email
Dennis G. Pantazis
Craig L. Lowell
Attorneys for Plainitff Jennifer Pointer.

Dated: December 19 2007

MCGUIREWOODS LLP

By: ______________________
Sidney K. Kanazawa
Jia-Ming Shang
Attorneys for Defendant
McNeil-PPC, Inc.

Dated: December 19, 2007

KIRBY NOONAN LANCE & HOGE LLP

By: David Noonan /JMS - per email authority in 12/19/07 email.
David J. Noonan
Jill E. Randall
Attorneys for Defendant
McNeil-PPC, Inc.

Dated: December 19, 2007

JOHNSON BARTON PROCTOR & ROSE LLP

By: James C. Barton, Jr.
James C. Barton, Jr.
Lee M. Pope
Alan D. Mathis
Attorneys for Defendant
McNeil-PPC, Inc.

FILED
2007 Dec-20 AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA MIDDLE DIVISION**

**JENNIFER POINTER, etc.,**

**Plaintiff,**

**v.** **CV 07-PT-1615-M**

**McNEIL-PPC, INC.**

**Defendant.**

## ORDER

The Joint Fed. R. Civ. Pro 26(f) Report filed on December 19, 2007 has been considered by the court. It is approved to the extent that the parties have agreed therein and thereto. The parties can address any non-agreed matters by appropriate motions on a schedule agreed to by the parties after January 10, 2008, or starting February 1, 2008 if the parties cannot agree.

**DONE** and **ORDERED** this the 20th day of December, 2007.

Robert B. Propst

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

FILED
2008 Jan-30 AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

Dennis G. Pantazis
Craig L. Lowell
**WIGGINS, CHILDS, QUINN & PANTAZIS, LLC**
309 19th Street North,
Birmingham, Alabama 35203
(205) 314-0500
*Attorneys for Plaintiff, Jennifer Pointer and Next Friend of Michael Pointer, a minor*

James C. Barton, Jr., Esq. (Bar Number: ASB-0237-B51J)
jbartonjr@johnstonbarton.com
**JOHNSON BARTON PROCTOR & ROSE LLP**
569 Colonial Brookwood Center, Suite 901
Birmingham, AL 35209
(205) 458-9441 (direct dial)
(205) 458-9500 (fax)
*Attorneys for Defendant McNeil-PPC, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ALABAMA**

**MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an** | ) | |
| **Individual, and as Next Friend of** | ) | |
| **MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: CV-07-PT-1615-M** |
| | ) | |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

**STIPULATION AND [PROPOSED] ORDER FOR COORDINATION**

**OF RELATED CASES**

1. This Stipulation is submitted for the *Ortiz-Flores v. McNeil-PPC, Inc.*, Case No. 07 CV 0678 BEN (CAB), (S.D. Cal.) ("*Ortiz-Flores*") and *Pointer v. McNeil-PPC, Inc.*, Case No. CV-07-PT-1615-M, (N.D. Ala.) ("*Pointer*") cases. Pursuant to Fed. R. Civ. Pro Rule 1's mandate for a "just, speedy, and inexpensive" resolution of cases, the Parties (as defined below) respectfully request that the terms adopted below by the Parties be entered as an order for the coordination of all matters in *Pointer* and *Ortiz-Flores*. Approval of the following terms will avoid potentially costly, duplicative discovery and prevent conflicting determinations of important issues such as class certification.

2. Plaintiffs in the *Ortiz-Flores* case are referred to herein as "Ortiz-Flores Plaintiffs." Plaintiffs in the *Pointer* case are referred to herein as "Pointer Plaintiffs." The Ortiz-Flores Plaintiffs and Pointer Plaintiffs are collectively referred to herein as "Plaintiffs."

3. Defendant McNeil-PCC, Inc. is a defendant in both cases and is referred to herein as "Defendant."

4. Plaintiffs and Defendant are referred to collectively herein as the "Parties."

5. To avoid overlap and duplication of discovery, motions and trial proceedings, the Parties agree to the following coordination of the

*Ortiz-Flores* and *Pointer* cases:

6. Unless otherwise ordered by the court in *Pointer* or *Ortiz-Flores*, the *Ortiz-Flores* and *Pointer* cases shall be treated as if they were consolidated into a single case in the United States District Court of the Southern District of California in which the *Ortiz-Flores* case is pending ("Ortiz-Flores Court") and the Parties hereby agree to submit to the jurisdiction of that court.

7. Discovery shall be propounded in the *Ortiz-Flores* case for both cases. The aggregate total of such discovery shall be subject to the following numerical limitations:

- A maximum of 25 total interrogatories by Plaintiffs to Defendant and by Defendant to Plaintiffs;
- A maximum of 25 total requests for admissions by Plaintiffs to Defendant and by Defendant to Plaintiffs;
- A maximum of 10 total depositions by Plaintiffs and 10 total depositions by Defendant with each deposition limited to maximum of 7 hours.

If additional discovery is required, the party seeking further discovery shall file a Motion requesting same before the Ortiz-Flores Court, pursuant to the Federal Rules of Civil Procedure.

8. Defendant's and Plaintiffs' respective responses to discovery in *Ortiz-Flores* shall constitute a response in both the *Ortiz-Flores* and *Pointer* cases.

9. All filings and pleadings by the Parties will be filed with the *Ortiz-Flores* caption to the extent required by the Ortiz-Flores Court, and filed solely in the Ortiz-Flores Court.

10. Depositions shall be taken in the *Ortiz-Flores* case. Any testimony offered in any deposition taken in connection with *Ortiz-Flores* shall be treated as if it was taken in *Pointer*. Counsel representing the Ortiz-Flores Plaintiffs or the Pointer Plaintiffs may defend or conduct depositions. Any counsel for Defendant, regardless of whether in the Pointer or Ortiz-Flores case, may take and defend depositions.

11. Documents produced by Defendant, whether as the result of a formal discovery request or otherwise, to the Ortiz-Flores Plaintiffs shall be deemed produced to the Pointer Plaintiffs. Documents produced by Defendant, whether as the result of a formal discovery request or otherwise, to the Pointer Plaintiffs shall be deemed produced to the Ortiz-Flores Plaintiffs.

12. All pre-trial deadlines and matters in the *Ortiz-Flores* and *Pointer* cases shall be set and determined exclusively by the Ortiz-Flores

Court. All pre-trial deadlines and matters set or determined by the Ortiz-Flores Court shall have the same effect on the parties in the *Pointer* case as if set or determined by the United States District Court of the Northern District of Alabama Court before which the *Pointer* case is pending ("Pointer Court"). Specifically, the Ortiz-Flores Court shall:

- provide deadlines for the completion of all discovery, including for class certification, merits, and expert discovery;
- hear and resolve any and all discovery disputes;
- otherwise coordinate discovery in the *Ortiz-Flores* and *Pointer* cases.

13. The Ortiz-Flores Plaintiffs and Pointer Plaintiffs may bring one, and only one, combined motion for class certification. The combined motion shall be filed with the Ortiz-Flores Court on or before April 28, 2008. The Ortiz-Flores Court's determination of class certification shall be binding on the parties in *Pointer* as if heard by the Pointer Court.

14. Trial of the coordinated matter shall be conducted in and at the direction of the Ortiz-Flores Court, according to that court's rules.

\\

\\

\\

15. Unless otherwise stipulated to by the Parties, all motions, discovery disputes, and other pre-trial filings shall be filed in the Ortiz-Flores Court.

Dated: January ____, 2008

By: ______________________
Howard Rubinstein
Attorneys for Plaintiff Ortiz-Flores.

Dated: January 25, 2008

HEWELL LAW FIRM, PC

By: ______________________
Harold Hewell
Attorneys for Plaintiff Ortiz-Flores.

Dated: January ____, 2008

MILSTEIN, ADELMAN, & KREGER, LLP

By: ______________________
Bevin M. Allen
Attorneys for Plaintiff Ortiz-Flores.

Dated: January ____, 2008

WIGGINS, CHILDS, QUINN & PANTAZIS, LLP

By: ______________________
Dennis G. Pantazis
Craig L. Lowell
Attorneys for Plaintiff Jennifer Pointer.

\\
\\
\\

15. Unless otherwise stipulated to by the Parties, all motions, discovery disputes, and other pre-trial filings shall be filed in the Ortiz-Flores Court.

Dated: January 29, 2008

By: Howard Rubinstein / JMS - per email authority of 1/29

Howard Rubinstein
Attorneys for Plaintiff Ortiz-Flores.

Dated: January ____, 2008

HEWELL LAW FIRM, PC

By: ______________________

Harold Hewell
Attorneys for Plaintiff Ortiz-Flores.

Dated: January 29, 2008

MILSTEIN, ADELMAN, & KREGER, LLP

By: Bevin Allen / JMS - per email authority of 1/29

Bevin M. Allen
Attorneys for Plaintiff Ortiz-Flores.

Dated: January 28, 2008

WIGGINS, CHILDS, QUINN & PANTAZIS, LLP

By: [signature]

Dennis G. Pantazis
Craig L. Lowell
Attorneys for Plaintiff Jennifer Pointer.

\\
\\
\\

Dated: January 29, 2008

MCGUIREWOODS LLP

By: ______________________________
Sidney K. Kanazawa
Jia-Ming Shang
Attorneys for Defendant
McNeil-PPC, Inc.

Dated: January 29, 2008

KIRBY NOONAN LANCE & HOGE LLP

By: David J. Noonan / JMS - email consent 1/29
David J. Noonan
Jill E. Randall
Attorneys for Defendant
McNeil-PPC, Inc.

Dated: January 30, 2008

JOHNSON BARTON PROCTOR & ROSE LLP

By: James C. Barton, Jr.
James C. Barton, Jr.
Lee M. Pope
Alan D. Mathis
Attorneys for Defendant
McNeil-PPC, Inc.

IT IS SO ORDERED

DATED: ______________ ______________________________

United District Court Judge

FILED
2008 Jan-30 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ADRIAN ALEXANDER ORTIZ-FLORES, a minor by and through his guardian, Terry Ortiz; and TERRY ORTIZ, as an individual consumer and on behalf of others similarly situated,

Plaintiff,

v.

MCNEIL-PPC, INC. a New Jersey corporation,

Defendant.

Civil No. 07cv0678-BEN (CAB)

**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**
**(Fed. R. Civ. P. 16)**
**(Local Rule 16.1)**
**(Fed. R. Civ. P. 26)**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a Status Conference on January 25, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be **filed** on or before **February 8, 2008**.

2. Any motion for class certification must be **FILED** on or before **April 28, 2008.** Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk for the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

3. On or before **June 27, 2008**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **July 11, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

4. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than September 12, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **September 26, 2008**.

6. All discovery, including expert discovery, shall be completed on or before **October 31, 2008**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due

date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

7. All motions, other than motions to amend or join parties, or for class certification, or motions in limine, shall be **FILED** on or before **November 14, 2008**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

8. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

9. Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

10. A Mandatory Settlement Conference shall be conducted on **May 1, 2008**, at **2:00 p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **April 24, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or

demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

11. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference will be considered grounds for sanctions.

12. The parties' Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) shall be filed with the Clerk of the Court, and copies served on all other parties **and lodged with the Chambers of the Honorable Roger T. Benitez** on or before **February 23, 2009**.

13. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or **before February 23, 2009**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

14. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **March 2, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

pretrial conference order.

15. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **March 9, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

16. The final pretrial conference shall be held before the **Honorable Roger T. Benitez,** United States District Court Judge, on **March 16, 2009**, at **10:30 a.m.**

17. Trial Date will be scheduled by the Court at the Pretrial Conference.

18. The dates and times set forth herein will not be modified except for good cause shown.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED: January 25, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge

FILED
2008 Feb-01 AM 09:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

| | | |
|---|---|---|
| **JENNIFER POINTER, an Individual, and as Next Friend of MICHAEL POINTER, a Minor,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: CV-07-PT-1615-M** |
| **McNEIL-PPC, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER FOR COORDINATION OF RELATED CASES**

1. This Order is entered upon the Stipulation submitted for the *Ortiz-Flores v. McNeil-PPC, Inc.,* Case No. 07 CV 0678 BEN (CAB), (S.D. Cal.) ("*Ortiz-Flores*") and *Pointer v. McNeil-PPC, Inc.*, Case No. CV-07-PT-1615-M, (N.D. Ala.) ("*Pointer*") cases. Pursuant to Fed. R. Civ. Pro Rule 1's mandate for a "just, speedy, and inexpensive" resolution of cases, the Parties (as defined below) requested that the terms adopted below by the Parties be entered as an Order for the coordination of all matters in *Pointer* and *Ortiz-Flores*. The Court agrees that approval of the following terms will avoid potentially costly, duplicative discovery and prevent conflicting determinations of important issues such as class certification.

2. Plaintiffs in the *Ortiz-Flores* case are referred to herein as "Ortiz-Flores Plaintiffs." Plaintiffs in the *Pointer* case are referred to herein as "Pointer Plaintiffs." The Ortiz-Flores Plaintiffs and Pointer Plaintiffs are collectively referred to herein as "Plaintiffs."

3. Defendant McNeil-PPC, Inc. is a defendant in both cases and is referred to herein as

"Defendant."

4. Plaintiffs and Defendant are referred collectively herein as the "Parties."

5. To avoid overlap and duplication of discovery, motions and trial proceedings, the Court Orders the following coordination of the *Ortiz-Flores* and *Pointer* cases:

6. Unless otherwise ordered by the Court in *Pointer* or *Ortiz-Flores*, the *Ortiz-Flores* and *Pointer* cases shall be treated as if they were consolidated into a single case in the United States District Court of the Southern District of California in which the *Ortiz-Flores* case is pending ("Ortiz-Flores Court") and the Parties have agreed to submit to the jurisdiction of that Court.

7. Discovery shall be propounded in the *Ortiz-Flores* case for both cases. The aggregate total of such discovery shall be subject to the following numerical limitations:

- A maximum of 25 total interrogatories by Plaintiffs to Defendant and by Defendant to Plaintiffs;
- A maximum of 25 total requests for admissions by Plaintiffs to Defendant and by Defendant to Plaintiffs; and
- A maximum of 10 total depositions by Plaintiffs and 10 total depositions by Defendant with each deposition limited to a maximum of 7 hours.

If additional discovery is required, the party seeking further discovery shall file a Motion requesting same before the Ortiz-Flores Court, pursuant to the Federal Rules of Civil Procedure.

8. Defendant's and Plaintiffs' respective responses to discovery in *Ortiz-Flores* shall constitute a response in both the *Ortiz-Flores* and *Pointer* cases.

9. All filings and pleadings by the Parties will be filed with the *Ortiz-Flores* caption to the extent required by the Ortiz-Flores Court, and filed solely in the Ortiz-Flores Court.

10. Depositions shall be taken in the *Ortiz-Flores* case. Any testimony offered in any deposition taken in connection with *Ortiz-Flores* shall be treated as if it was taken in *Pointer*. Counsel representing the Ortiz-Flores Plaintiffs or the Pointer Plaintiffs may defend or conduct depositions. Any counsel for Defendant, regardless of whether in the Pointer or Ortiz-Flores case, may take and defend depositions.

11. Documents produced by Defendant, whether as the result of a normal discovery request or otherwise, to the Ortiz-Flores Plaintiffs shall be deemed produced to the Pointer Plaintiffs. Documents produced by Defendant, whether as the result of a formal discovery request or otherwise, to the Pointer Plaintiffs shall be deemed produced to the Ortiz-Flores Plaintiffs.

12. All pre-trial deadlines and matters in the *Ortiz-Flores* and *Pointer* cases shall be set and determined exclusively by the Ortiz-Flores Court. All pre-trial deadlines and matters set or determined by the Ortiz-Flores Court shall have the same effect on the parties in the *Pointer* case as if set or determined by the United States District Court of the Northern District of Alabama Court before which the *Pointer* case is pending ("Pointer Court"). Specifically, the Ortiz-Flores Court shall:

- Provide deadlines for the completion of all discovery, including for class certification, merits, and discovery;
- Hear and resolve any and all discovery disputes; and
- Otherwise coordinate discovery in the *Ortiz-Flores* and *Pointer* cases.

13. The Ortiz-Flores Plaintiffs and Pointer Plaintiffs may bring one, and only one, combined motion for class certification. The combined motion shall be filed with the Ortiz-Flores Court on or before April 28, 2008. The Ortiz-Flores Court's determination of class certification shall

be binding on the parties in *Pointer* as if heard by the Pointer Court.

14. Trial of the coordinated matter shall be conducted in and at the direction of the Ortiz-Flores Court, according to that court's rules.

15. Unless otherwise stipulated to by the Parties, all motions, discovery disputes, and other pre-trial fillings shall be filed in the Ortiz-Flores Court.

IT IS SO ORDERED.

DATED: February 1, 2008

Senior United States District Court Judge

FILED
2008 Mar-10 PM 05:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISON

| | | |
|---|---|---|
| JENNIFER POINTER, an Individual and as Next Friend of MICHAEL POINTER, a minor, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| McNEIL-PPC, INC., | ) | CV-07-PT-1615-M |
| Defendant. | ) | |

**<u>JOINT MOTION TO TRANSFER VENUE OF THE CASE TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA</u>**

COME NOW the Parties in this action and pursuant to 28 U.S.C. § 1404(a), request that this Court transfer the venue of this action to the United States District Court in the Southern District of California. As grounds for this motion, the Parties state as follows:

1. This is a class action case involving plaintiff's claims for unjust enrichment and other claims surrounding the sale of mouthwash manufactured by the Defendant. The Plaintiff alleges that the use of the Defendant's product caused them harm.

2. There exists an identical, earlier-filed class action styled *Adrian Alexander Ortiz-Flores, a minor, by Terri Ortiz, as individual consumers and on behalf of all others similarly situated, vs. McNeil PPC, Inc.*, filed in the United

States District Court, Southern District of California, Case No. 07-cv-0678 ("Ortiz-Flores").

3. The discovery and motions in both actions will be conducted largely in California, and the witnesses to this action will be located in many areas of the United States, none of which are known to be in Alabama. Further, it will be more efficient and less expensive to the justice system for both identical cases to be in the same forum. Thus, under 28. U.S.C. § 1404(a), the transfer of this action as requested would be proper.

4. All parties to this action consent to this transfer. (All parties to both actions agree this case should be transferred to California and consolidated with the Ortiz-Flores case.)

WHEREFORE, premises considered, the Parties to this action request this Court enter an Order transferring this action to the United States District Court, Southern District of California, and any other relief this Court deems just.

Dated: March 10, 2008

s/ Craig L. Lowell

Dennis G. Pantazis
Craig L. Lowell
Wiggins, Childs, Quinn & Pantazis, LLC
301 19th Street North
Birmingham, AL 35203

Jeff S. Daniel
Law Office of Jeff S. Daniel, P.C.
P. O. Box 13123
Birmingham, AL 35213
Attorneys for Plaintiff Jennifer Pointer

Dated: March 10, 2008

s/ James C. Barton Jr.
James C. Barton Jr.
Lee M. Pope
Alan D. Mathis
Attorneys for Defendant
McNeil-PPC, Inc.

JOHNSTON BARTON PROCTOR & ROSE LLP
Colonial Brookwood Center
569 Brookwood Village, Suite 901
Birmingham, AL 35209

OF COUNSEL

W0636128.DOC

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Jennifer Pointer

**DEFENDANTS** '08 CV 536 L JMA

McNeil PPC Inc

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

FILED
MAR 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Craig Lowell
Wiggins Childs Quinn Pantazis
301 19th Street North
(205)458-9400

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28:1332 Diversity - Product Liability**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment &Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153Recovery of Overpayment of Veterans Benefits
☐ 160 Stockholders Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Eiectmant
☐ 240 Tort to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury-Medical Malpractice
☑ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (13958)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reappointment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities Exchange
☐ 875 Customer Challenge 12 USC
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State
☐ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☐ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☑ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 3/19/08 SIGNATURE OF ATTORNEY OF RECORD