UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER POINTER, an individual and as next friend of Michael Pointer, a minor,<br>Plaintiffs,<br>v.<br>MCNEIL PPC, INC.,<br>Defendant. | Civil No. 08cv0536-BEN (CAB)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

On March 19, 2008, this case was transferred to this Court from the Northern District of Alabama. [Doc. No. 1.] On March 28, 2008, this case was reassigned to District Judge Roger Benitez and Magistrate Judge Cathy Ann Bencivengo, pursuant to the low number rule. [Doc. No. 4.] On April 2, 2008, this Court set a Mandatory Settlement Conference for May 1, 2008. [Doc. No. 5.] On April 8, 2008, in the related case of *Ortiz-Flores v. McNeil*, 07cv0678-BEN (CAB), the parties filed a joint motion to continue certain dates previously set in that related case. [Case No. 07cv0678, Doc. No. 32.] After reviewing that joint motion and the status of the two matters, and for good cause shown, **IT IS HEREBY ORDERED**:

1. Any motion for class certification must be **FILED** on or before **May 28, 2008**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk for the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For

example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

2. A Mandatory Settlement Conference shall be conducted on **June 3, 2008** , at **2:00 p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **May 27, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

3. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference will be considered grounds for sanctions.

///

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

4. On or before **June 27, 2008**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **July 11, 2008**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

5. Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than September 12, 2008**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

6. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **September 26, 2008**.

7. All discovery, including expert discovery, shall be completed on or before **October 31, 2008**. *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue.

8. All motions, other than motions to amend or join parties, or for class certification, or motions in limine, shall be **FILED** on or before **November 14, 2008**.

Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one judge to another. Please plan accordingly. For example, you may need to contact the judge's law clerk in advance of the motion cut-off to assess the availability of the Court's calendar. **Failure of counsel to timely request a motion date may result in the motion not being heard.**

9. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

10. Pursuant to Local Rule 7.1(f)(1), when filing a Motion for Summary Judgment and/or Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly and concisely all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve on Defendants, a separate statement that responds to each of the material facts contended by Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

11. The parties' Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) shall be filed with the Clerk of the Court, and copies served on all other parties **and lodged with the Chambers of the Honorable Roger T. Benitez** on or before **February 23, 2009**.

12. All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or **before February 23, 2009**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

13. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **March 2, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and

agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

14. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **March 9, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

15. The final pretrial conference shall be held before the **Honorable Roger T. Benitez**, United States District Court Judge, on **March 16, 2009**, at **10:30 a.m.**

16. Trial Date will be scheduled by the Court at the Pretrial Conference.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

DATED: April 16, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge